## Martin v. Dobbins and Flesharty, Applts.

*Appeal from Scott Circuit Court — Wednesday, June 14.*

### INTERVENTION : PLEADING.

ACTION by plaintiff as indorsee of a promissory note for $250, made in Erie, Pa., on the 19th day of May, 1869, by L. Dobbins to the order

of Phillip O'Reilly, payable in Davenport, fourteen months after date; indorsed by O'Reilly to plaintiff on 17th June, 1870. The defendant filed his answer in two counts: 1st, denying each and every allegation of the petition; 2d, by way of equitable defense states that the note was given in part payment for an undivided interest in a tract of land in Rock Island county, Illinois (describing it), for which O'Reilly executed to Mrs. E. M. Flesharty a deed with covenants of warranty, seizin, etc.; whereas, he had no right or title to said land, and said covenants are broken; that plaintiff, prior to the transfer to him of said note, had notice of the consideration thereof, and the failure of the title to the land; that O'Reilly is a non-resident of the State and insolvent; that if plaintiff recovers defendant will be remediless; wherefore, he asks that said note be surrendered and canceled.

Afterward, Mrs. E. M. Flesharty filed her petition of intervention, averring that she had an interest in the matter in litigation and in the success of the defendant; that she purchased, March 5, 1869, of Phillip O'Reilly, the undivided nine-seventeenths of a tract of land in Rock Island county, Illinois, for $1,500, and paid $1,250 in cash, and on May 19, 1869, she caused to be executed to said O'Reilly a promissory note for $250, signed by the defendant, L. Dobbins, to secure the payment of the balance of the purchase price, which is the note in suit; that at the date of the purchase O'Reilly made a deed to her for the property with covenants of warranty, seizin, etc.; that in fact O'Reilly had no title and plaintiff had notice thereof prior to the transfer of said note to him, and she had been obliged to yield to a paramount title; that O'Reilly is insolvent, and the delivering up and cancellation of said note is the only remedy left her.

That subsequently, and on March 21, 1870, she also purchased of said O'Reilly the remaining undivided eight-seventeenths of the said land for 1,500 barrels of lime, for which she caused to be executed to him by John C. Ford & Co. (of which firm L. Dobbins was a member) five notes for said lime; that O'Reilly made a like deed to her for said interest, the covenants of which were broken, and she had been obliged to yield to the outstanding title; that plaintiff has possession of said notes, which O'Reilly threatens to transfer, and their surrender was the only remedy left petitioner; that O'Reilly is insolvent. She asks that Martin and O'Reilly be made parties and required to answer her petition; that they be enjoined from transferring the notes; for a decree canceling them, and for other relief, etc.

The defendant also filed an amendment to his answer, setting up the same matters contained in the last paragraph of the petition for intervention, and the further fact that O'Reilly is a non-resident of the State; and also asking the same relief.

The plaintiff moved to expunge from the files the amendment to the answer and the petition for intervention, because they did not state facts sufficient to constitute a defense or cause of action and had no relation to plaintiff's cause, and other reasons. This motion was

sustained. The defendant and Mrs. Flesharty appeal, and assign the sustaining of the motion as error.

*D. B. Nash* for the appellants — *Martin, Murphy & Suksdorf* for the appellee.

COLE, J. — The petition for intervention fails to show the relation between Dobbins and Mrs. Flesharty sufficient for determining whether she ought properly to be allowed to intervene. For instance, if Dobbins was indebted to her in the sum of $250, and in consideration of that indebtedness and at her request executed the note sued on, then it became a payment of the balance due for the land and the title to it passed directly to O'Reilly, and from him to plaintiff so as to cut off any defense by Dobbins growing out of any equities between O'Reilly and Mrs. Flesharty, as well as any claim to the note by her against a purchaser thereof. But if Dobbins executed the note in his own name, but for Mrs. Flesharty, who, as between them, was to pay it, then she might be entitled to intervene, and the defendant Dobbins might also be able to avail himself of such fact in defense. And the same may be true also of the matters alleged respecting the second purchase.

Since the plaintiff assailed the pleadings by the unusual, if not unwarranted, " motion to expunge from the files," instead of by demurrer, upon the sustaining of which the defendant and intervenor might have elected to amend, we are of the opinion that the judgment should be affirmed, and the cause remanded with leave to the defendant and intervenor, or either of them, to file amended pleadings as they shall be advised.

Affirmed.